**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4117**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN LAMONT JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Henry M. Herlong, Jr., Senior
District Judge. (6:09-cr-00282-GRA-3)

Submitted: September 28, 2010        Decided: October 15, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South
Carolina, for Appellant. William N. Nettles, United States
Attorney, E. Jean Howard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Lamont Jackson appeals from his 57-month sentence imposed pursuant to his guilty plea to a crack cocaine conspiracy. On appeal, he claims that the district court did not adequately consider the statutory sentencing factors and failed to adequately explain the sentence imposed. We vacate and remand for further proceedings.

Jackson's presentence report ("PSR") determined that the Guidelines range was 57 to 71 months. At his sentencing hearing, neither party objected, and the court adopted the PSR's findings. The court then heard from the parties on the appropriate sentence. Jackson's counsel argued for a variance sentence based upon (1) the crack/powder cocaine disparity and (2) Jackson's age (he was a teenager when he committed the crime). Counsel contended that a sentence within the range of 15 to 21 months[1] would "be quite a shock" to a twenty-year-old with a Criminal History Category I who had never done any prison time. Counsel also argued that sentencing Jackson as if his crime involved powder cocaine would "satisfy the needs of society to punish."

---

[1] According to counsel, this is the range that would have been calculated if Jackson's offense involved powder rather than crack cocaine.

The court questioned Jackson about his employment history, noting that Jackson was unemployed between 2007 and 2009. The court also questioned Jackson about his termination from "PTI."[2] The court appeared to believe that Jackson was dropped from PTI because he "started selling drugs again." Jackson responded that he had not sold drugs since entering PTI and that he was terminated because of the federal charge against him. The Government did not address Jackson's arguments or propose an appropriate sentence.

The court stated that it considered the "factors under 18 U.S.C. Section 3553(a) [2006]" and "considered the guidelines as advisory only." The court concluded that "the purposes of the statute are accomplished with a guidelines sentence." The court offered no further reasoning or findings and imposed a sentence of 57 months.

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). But, at the same time, the

---

[2] Apparently a state pre-trial intervention program.

3

district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). Moreover, the district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the Guidelines range. Rita v. United States, 551 U.S. 338, 356-57 (2007). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

In United States v. Carter, 564 F.3d 325 (4th Cir. 2009), we held that, while the individualized assessment of each defendant need not be elaborate or lengthy, it must provide a rationale tailored to the particular case at hand and be adequate to permit appellate review. 564 F.3d at 330. Thus, a recitation of the § 3553 factors and purposes is insufficient. Likewise, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. Id. at 328-29. In addition, we cannot presume that the district court adopted the arguments of one of the parties while imposing sentence; an appellate court may not guess at the district court's rationale. Id. at 329-30.

4

Here, the district court's reasoning clearly violated Carter. The court merely stated that the purposes of the statute were accomplished by a Guidelines sentence and provided no other reasoning. Moreover, the district court did not address the undisputed mitigating factors raised by Jackson, and the record reflects that the court may have been confused as to the reasons that Jackson's PTI was terminated.

The Government cites United States v. Hernandez, 603 F.3d 267 (4th Cir. 2010), to support its contention that the district court's reasoning was sufficient. In Hernandez, we reviewed Hernandez's claim that the district court did not provide individualized reasoning for plain error, as Hernandez had not objected below. We then determined that the district court's statement that it had considered the § 3553 factors and the advisory Guidelines range and concluded that the "purposes of the statute are accomplished with a guideline sentence" was sufficient. 603 F.3d at 269. We held that, because the district court heard argument, considered the statutory factors, and imposed the bottom-of-the-Guidelines sentence requested by Hernandez, Hernandez's sentence was not procedurally unreasonable. Id. at 271-72.

While the district court's reasoning in Hernandez was essentially identical to the district court's reasoning in this case, we find Hernandez distinguishable in two important

respects: (1) Jackson requested a sentence below the advisory Guidelines range and, thus, his claim is reviewed for harmless error rather than plain error, see United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010), and (2) Jackson did not receive the sentence he requested. Applying Carter, we conclude that the district court abused its discretion by failing to provide individualized reasoning for the sentence imposed.

Thus, Jackson's sentence should be vacated unless we determine that the error was harmless. United States v. Lynn, 592 F.3d 572, 581 (4th Cir. 2010). "To avoid reversal for non-constitutional, non-structural errors like [the one presented here], the party defending the ruling below . . . bears the burden of demonstrating that the error was harmless, i.e. that it did not have a substantial and injurious effect or influence on the result." Id. at 585. The Government argues only briefly and conclusorily that any alleged error was harmless. Accordingly, we conclude that the record does not conclusively show that "explicit consideration of [Jackson's] arguments would not have affected the sentence imposed." Id.

As such, we vacate Jackson's sentence and remand for the district court to properly address Jackson's arguments for a lower sentence and provide individualized reasoning for the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED